IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE:  SANDRIDGE ENERGY, INC. | ) | No. CIV-13-102-W |
| SHAREHOLDER DERIVATIVE | ) | Relating to All Derivative Actions |
| LITIGATION | ) | |

## WCT Resources, L.L.C. and 192 Investments, L.L.C.'s Motion to Dismiss and Brief in Support Thereof

Andrea Treiber Cutter, OBA #21444
**CUTTER LAW FIRM, PLC**
320 S. Boston Avenue, Suite 1030
Tulsa, Oklahoma 74103
(918) 582-0055 (Phone)
(918) 584-1425  (Facsimile)
Email: acutter@cutterlawfirm.com

**GARDERE WYNNE SEWELL LLP**
Peter Scaff
(*pro hac* admission pending)
Texas Bar No. 24027837
Thomas A. Hagemann
(*pro hac* admission pending)
Texas Bar No. 08686800
1000 Louisiana, Suite 3400
Houston, Texas 77002-5011
Ph:  713-276-5000 – Fax:  713-276-5500

**ATTORNEY FOR WCT RESOURCES, L.L.C. AND 192 INVESTMENTS, L.L.C.**

# TABLE OF CONTENTS

I.     Requested Relief and Grounds Therefore ................................................................ 1

II.    Nature of the Case ................................................................................................... 2

III.   Argument and Authority .......................................................................................... 3

       A.     Governing Standards. ..................................................................................... 3

       B.     Plaintiffs allege no facts to support an aiding and abetting claim.
              [Fourth Cause of Action] ................................................................................ 4

              (i)     No predicate breach of fiduciary duty claim ...................................... 5

              (ii)    No "knowing participation" ................................................................ 5

       C.     Plaintiffs have not pled a viable misappropriation claim. [Fifth
              Cause of Action] ............................................................................................. 7

       D.     Plaintiffs fail to state a conspiracy claim. [Sixth Cause of Action] .............. 8

              (i)     No requisite underlying tort ................................................................ 8

              (ii)    Insufficient facts to permit an inference of an agreement ................... 9

       E.     Plaintiffs have not alleged facts entitling them to relief for
              constructive fraud. [Seventh Cause of Action] ........................................... 11

              (i)     No allegation that 192 or WCT owed a duty to SandRidge ............. 11

              (ii)    No allegation that 192 or WCT failed to disclose ........................... 12

              (iii)   No allegation of reliance ................................................................... 13

       F.     The existence of other remedies merits dismissal of claim for unjust
              enrichment [Eighth Cause of Action] .......................................................... 13

IV.    Conclusion ............................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................. 3, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................ 3, 6, 9, 10

*Binks v. DSL.net, Inc.*,
   2010 WL 1713629 (Del. Ch. Apr. 29, 2010) ................................. 4

*Brock v. Thompson*,
   948 P.2d 279 (Okla. 1997) ........................................................ 8

*Buford White Lumber Co. v. Octagon Properties, Ltd.*,
   740 F.Supp. 1553 (W.D. Okla. 1989) ......................................... 12

*Carsanaro v. Bloodhound Techs., Inc.*,
   --- A.3d ---, 2013 WL 1104901 (Del. Ch. 2013) ......................... 11

*Cayman Exploration Corp. v. United Gas Pipe Line*,
   873 F.2d 1357 (10th Cir. 1989) ................................................. 10

*In re Chase Bank USA, N.A.*,
   2009 WL 4063349 (N.D. Cal. Nov. 20, 2009) ............................. 14

*Hartsel v. Vanguard Group, Inc.*,
   2011 WL 2421003 (Del Ch. June 15, 2011) ................................. 10

*Hydro Turf, Inc. v. Int'll Fidelity Ins. Co.*,
   91 P.3d 667 (Okla Civ. App. Div. 2004) ..................................... 14

*Malone v. Brincat*,
   722 A.2d 5 (Del. 1998) ............................................................ 5

*Malpiede v. Townson*,
   780 A.2d 1075 (Del. 2001) ....................................................... 4, 5

*McGowan v. Ferro*,
   2002 WL 77712 (Del. Ch. Jan. 11, 2002) .................................... 4, 5

*McLaughlin v. Copeland,*
   455 F.Supp. 749 (D. Del. 1978), *aff'd*, 595 F.2d 1213 (3d Cir. 1979) .......................... 8

*Morgan v. Cash,*
   2010 WL 2803746 (Del. Ch. July 16, 2010) .................................................................. 6

*NACCO Indus., Inc. v. Applica Inc.,*
   997 A.2d 1 (Del. Ch. 2009) ........................................................................................... 11

*Nebenzahl v. Miller,*
   1996 WL 494913 (Del. Ch. Aug. 26, 1996) ................................................................... 5

*Nemec v. Shrader,*
   991 A.2d 1120 (Del. 2010) .......................................................................................... 14

*Parfi Holding AB v. Mirror Image Internet, Inc.,*
   794 A.2d 1211 (Del. Ch. 2001), *overruled on other grounds*, 817 A.2d 149
   (Del. 2002) ..................................................................................................................... 11

*Quarles v. Little River Energy Co.,*
   2008 WL 185715 (N.D. Okla. Jan. 18, 2008) ................................................................ 13

*Ramunno v. Cawley,*
   705 A.2d 1029 (Del. Super. Ct. 1998) .......................................................................... 8

*Roberts Ranch Co. v. Exxon Corp.,*
   43 F.Supp.2d 1252 (W.D. Okla. 1997) ......................................................................... 11

*Robinson v. Southerland,*
   123 P.3d 35 (Okla. Civ. App. Div. 2005) .................................................................... 14

*Schulte v. Apache Corp.,*
   1995 OK 148, 949 P.2d 291 (Okla. 1995) .............................................................. 12, 13

*Smiley v. Daimler Chrysler,*
   538 F. Supp. 2d 711 (D. Del. 2008) ............................................................................. 8

*Specialty Beverages, L.L.C. v. Pabst Brewing Co.,*
   537 F.3d 1165 (10th Cir. 2008) ................................................................................... 11

*In re Telecomms., Inc. S'holders Litig.,*
   2003 WL 21543427 (Del. Ch. July 7, 2003) ................................................................. 4

*Tullius v. Metro. Prop. & Cas. Ins. Co.,*
   2010 WL 4259805 (W.D. Okla. Oct. 20, 2010) .......................................................... 12

*In re Wayport*,
   2013 WL 1811873 (Del. Ch. 2013) ............................................................................ 11

**OTHER AUTHORITIES**

Federal Rule 8(a)(2)....................................................................................................... 8, 9

Federal Rule 9(b) ............................................................................................................. 12

Federal Rule of Civil Procedure 12(b)(6)................................................................ 1, 4, 10

# I. Requested Relief and Grounds Therefore

WCT Resources, L.L.C. ("WCT") and 192 Investments, L.L.C. ("192) move for dismissal of Plaintiffs' claims[1] under Federal Rule of Civil Procedure 12(b)(6) for the following reasons:

1. **Plaintiffs fail to state an adequate aiding and abetting claim.** Plaintiffs' aiding and abetting claim initially depends on a breach of fiduciary duty by Tom Ward (hereinafter, "Ward"). As demonstrated by the responsive pleadings filed by other defendants, no such breach occurred. Nevertheless, Plaintiffs fail to allege the requisite "knowing participation" necessary to support this derivative claim against WCT and 192. Mere parallel conduct – that WCT and 192 sought and acquired acreage in geographical and temporal proximity to SandRidge – is insufficient.

**Plaintiffs have not pled a viable misappropriation claim.** No located Oklahoma case has imposed liability based upon a theory of misappropriation of corporate opportunity. Imposing liability under a misappropriation theory against unrelated nonfiduciary entities such as WCT or 192 is simply not supported by any Oklahoma law.

2. **Plaintiffs' conspiracy claim is not adequately pled.** Plaintiffs fall short of basic pleading standards for conspiracy. Plaintiffs allege neither an agreement nor an object of the conspiracy, nor facts supporting WCT or 192's knowledge of such supposed conspiratorial agreement. Instead, Plaintiffs only allege "parallel conduct," a strategy

---

[1] Plaintiffs' claims are asserted in Plaintiffs' Verified Consolidated Shareholder Derivative Complaint (the "Amended Pleading") [Doc. No. 71].

specifically rejected by the United States Supreme Court.  Moreover, Plaintiffs' claim for misappropriation fails for the reasons set forth elsewhere herein.  Because conspiracy is a derivative claim depending upon an underlying tort, Plaintiffs' conspiracy claim cannot stand when the one tort that Plaintiffs claim justifies their conspiracy claim — misappropriation — is not even a viable claim against WCT or 192.

3.       **Plaintiffs' constructive fraud claim is not adequately pled.**  As to WCT and 192, Plaintiffs are incapable of alleging the most fundamental requirement of constructive fraud: a duty to disclose.  Plaintiffs further fail to allege what information 192 or WCT supposedly did not disclose or Plaintiffs' reliance on such non-disclosure.

4.       **An unjust enrichment claim is precluded by other available remedies.** Plaintiffs' other potentially available claims – constructive fraud, conspiracy, and aiding and abetting – preclude their ability to pursue an unjust enrichment claim.

## II.  Nature of the Case

Plaintiffs' case against WCT and 192 rests upon the notion that if WCT and 192 acquired oil and gas leases around the same time and near SandRidge properties (or ones in which SandRidge would, could or should have been interested), WCT and 192 *must* have wrongfully obtained confidential information from SandRidge.  Given the monumental *non sequitur* underlying the entirety of its claims, it is unsurprising that Plaintiffs fail to allege a single fact to support its illogical inference.  No allegation claims a disclosure of confidential information from SandRidge to WCT and 192.

Plaintiffs' claims constitute nothing more than unsubstantiated "hand waving." However, federal pleading requirements are not satisfied by a skimpy allegation that

some improper disclosure *must have* occurred.   While Plaintiffs repeatedly aver that Ward acted "through" WCT and 192, no allegation indicates how, when, or why this occurred.  It is patently insufficient merely to point out that WCT and 192 are managed by Ward's children and owned by trusts established to benefit Ward's children. Plaintiffs' bare-bone allegations justify dismissal.

### III.  Argument and Authority

**A.      Governing Standards.**

A court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  As explained in *Gonzalez v. Kay*:

> Factual allegations must be enough to raise a right to relief above the speculation level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The Supreme Court recently expounded upon the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'"  *Id.* at 679.

577 F.3d 600, 603 (5th Cir. 2009).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft*, 556 U.S. at 679.

**B.    Plaintiffs allege no facts to support an aiding and abetting claim. [Fourth Cause of Action]**

Plaintiffs claim that WCT and 192 aided and abetted Ward's breach of fiduciary duty to SandRidge.  This cause of action cannot survive by mere "conclusory statements [that are] unsupported by well-pled factual allegations," and instead Plaintiffs must "allege specifically how [the defendant] may have aided and abetted the . . . directors' breach of fiduciary duty and . . . allege facts from which the court may infer knowing participation." *In re Telecomms., Inc. S'holders Litig.*, 2003 WL 21543427, at *1, *4 (Del. Ch. July 7, 2003); *see also McGowan v. Ferro*, 2002 WL 77712, at *2 (Del. Ch. Jan. 11, 2002) ("Conclusory statements that are devoid of factual details to support an allegation of knowing participation will fall short of the pleading requirement needed to survive a Rule 12(b)(6) motion to dismiss.") (internal quotations omitted).

"The standard for an aiding and abetting claim is a stringent one, one that turns on proof of scienter of the alleged abettor." *Binks v. DSL.net, Inc.*, 2010 WL 1713629, at *10 (Del. Ch. Apr. 29, 2010). To survive a motion to dismiss, Plaintiffs must allege specific facts sufficient to satisfy the four elements of the claim: "(1) the existence of a fiduciary relationship, (2) a breach of the fiduciary's duty, . . . (3) knowing participation in that breach by the defendants, and (4) damages proximately caused by the breach." *Malpiede v. Townson*, 780 A.2d 1075, 1096 (Del. 2001) (internal quotations omitted). Plaintiffs' allegations fall short.

**(i)**     No predicate breach of fiduciary duty claim

Other Defendants' responsive pleadings contend that Plaintiffs' breach of fiduciary duty allegations should be dismissed on various grounds. Should the court agree, WCT and 192 are entitled to dismissal of the related, derivative aiding and abetting claim. *See, e.g., Malone v. Brincat*, 722 A.2d 5, 1415 (Del. 1998) (where there is no primary breach of fiduciary duty violation, there can be no claim for aiding and abetting that violation); *McGowan*, 859 A.2d at 1041 (same); *see also Malpiede*, 780 A.2d at 1096-97 (to plead a claim for aiding and abetting, complaint must allege predicate breach of fiduciary's duty).[2]

**(ii)**     No "knowing participation"

"Knowing participation in a board's fiduciary breach requires that the third party act with the knowledge that the conduct advocated or assisted constitutes such a breach." *Malpiede*, 780 A.2d at 1097; *Nebenzahl v. Miller*, 1996 WL 494913, at *7 (Del. Ch. Aug. 26, 1996) (claim for aiding and abetting fails where facts indicating knowing participation in illegal or tortious activity are absent from complaint). Satisfying this element requires either "factual allegations in the complaint from which knowing participation can be reasonably inferred," or, "[i]f such facts are not pled, then in order to infer knowing participation, the plaintiff must have alleged that the fiduciary breached its

---

[2] As a threshold issue for all claims, Plaintiffs must also show that they met demand requirements and have standing to bring a derivative claim. WCT and 192 refer to other Defendant's responsive pleadings on these issues. Since all claims against WCT and 192 are derivative, if the Court finds that Plaintiffs did not make the necessary demand on SandRidge or otherwise lacks standing to bring a derivative claim, all claims against WCT and 192 must be dismissed.

duty in an 'inherently wrongful manner.'" *General Motors (Hughes)*, 2005 WL 1089021, at *24. Plaintiffs do neither: the complaint lacks specific allegations that WCT or 192 knew of any alleged breach of fiduciary duty. Merely declaring that WCT or 192 "willfully and knowingly encouraged and participated" in the alleged breaches falls woefully short from detailed allegations by which "knowing participation can be reasonably inferred." *General Motors (Hughes)*, 2005 WL 1089021, at *24.

Plaintiffs exclusively rely on parallel conduct – insisting that because WCT and 192 acquired leases in the same area as SandRidge and with a limited staff, this means that they *must have* obtained confidential information from SandRidge and *must have* done so wrongfully or with intent to harm SandRidge.  These inferential leaps are not supported by any specific allegations and, instead, are based entirely on conduct consistent with WCT and 192's regular business activities.  The Supreme Court has held that this parallel conduct is simply not enough to support conspiracy or, in this case, aiding and abetting claims.  *See Twombly*, 550 U.S. at 564 (holding that the plaintiffs failed to state a claim when they relied "on descriptions of parallel conduct, not on any independent allegation of actual agreement among [the parties]"); *see also Morgan v. Cash*, 2010 WL 2803746, at *8 (Del. Ch. July 16, 2010) ("To allow a plaintiff to state an aiding and abetting claim against a [defendant] simply by making a cursory allegation that the [defendant] got too good a deal is fundamentally inconsistent with the market principles with which our corporate law is designed to operate in tandem").

Another fundamental defect in the complaint is that the parallel conduct transactions alleged by Plaintiffs to support their "front running" theory, in reality, are

wholly unsupported as there are no factual allegations regarding when WCT, 192 or SandRidge acquired any lease.  As Plaintiffs note several times in the complaint, oil and gas companies frequently work with land acquisition services to acquire leases.  These brokers initially acquire the properties in their own names, but at all times for the ultimate benefit of their clients.  At some later date, which varies but could be many months after executing the lease, the broker will accomplish the administrative task of executing a formal assignment to its client.  After completing the ministerial assignment, the oil and gas company will file it amongst the real property records.  *See e.g.* Am. Compl. at ¶ 56. Curiously, Plaintiffs' allegations detail only the dates that the broker administratively assigned the properties to their clients.  Plaintiffs' complaint, therefore, does not allege when WCT, 192 or SandRidge actually acquired a beneficial interest in any underlying lease.  As a result, the timing allegations are meaningless and do not support their aiding and abetting claim.

## C.     Plaintiffs have not pled a viable misappropriation claim. [Fifth Cause of Action]

Plaintiffs repeatedly assert that WCT and 192 misappropriated "SandRidge's corporate opportunities."  *See* Am. Compl. at ¶¶ 240, 241.  No located Oklahoma case has imposed liability based upon a theory of misappropriation of corporate opportunity against a corporate officer or director, much less against any unrelated nonfiduciary entity such as WCT or 192.  Given the absence of a recognized cause of action or a special relationship warranting consideration, Plaintiffs' claim based on misappropriation/usurpation of corporate assets should be dismissed.

**D.**     **Plaintiffs fail to state a conspiracy claim. [Sixth Cause of Action]**

Plaintiffs fail to plead a conspiracy claim because they allege no underlying tort and allege no facts to support an independent agreement.

**(i)**     <u>No requisite underlying tort</u>

"The gravamen of an action in civil conspiracy is not the conspiracy itself but the underlying wrong which would be actionable absent the conspiracy." *McLaughlin v. Copeland*, 455 F.Supp. 749, 752 (D. Del. 1978), *aff'd*, 595 F.2d 1213 (3d Cir. 1979); *Smiley v. Daimler Chrysler*, 538 F. Supp. 2d 711, 719 (D. Del. 2008) (holding that amendment of complaint to add conspiracy would be futile when plaintiff had not alleged an underlying actionable tort by each individual defendant); *Ramunno v. Cawley*, 705 A.2d 1029, 1039 (Del. Super. Ct. 1998) (explaining that a "civil conspiracy is not an independent cause of action in Delaware, and that it must arise from some underlying wrong."); *see also Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997).[3] The only independent tort alleged by Plaintiffs as a basis for their conspiracy claim is misappropriation.  Since Plaintiffs have not adequately pled a claim for misappropriation, Plaintiffs' conspiracy claim should also be dismissed.

---

[3] Since Plaintiffs' claims for conspiracy and aiding and abetting are predicated on alleged breaches of duty allegedly owed by Defendant Ward to a Delaware corporation, these claims are governed by Delaware law under the internal affairs doctrine.  *Hamilton Partners, L.P.*, 11 A.3d 1180, 1211-12 (Del. Ch. 2010).  Although no conflicts of laws analysis has been undertaken at this early stage, all other claims presumably are governed by Oklahoma law. In any event, as demonstrated herein, Plaintiffs' claims should be dismissed under both Oklahoma and Delaware law.

**(ii)** <u>Insufficient facts to permit an inference of an agreement</u>

Even the liberal pleading standards of Federal Rule 8(a)(2) do not save Plaintiffs'
conspiracy claim because Plaintiffs allege no facts to support the required element that an
independent agreement existed.  The Supreme Court has held that to survive dismissal at
the pleading stage under Rule 8(a)(2), there must exist "allegations plausibly suggesting
(not merely consistent with) [an] agreement . . . ."  *Twombly*, 550 U.S. at 557.   In
*Twombly*, when plaintiffs alleged conspiracy under the federal antitrust act, the Supreme
Court held that the plaintiffs failed to state a claim when they relied "on descriptions of
parallel conduct, not on any independent allegation of actual agreement among [the
parties.]"  *Id.* at 564 & n.9 (stray statements that the parties "agreed not to compete with
one another" may state an actual agreement in "form," but, on a fair reading, were
"merely legal conclusions resting on prior allegations"); *see also Kalmanovitz*, 595 F.
Supp. at 1401 (dismissing conspiracy claim for failure to identify period of conspiracy,
object of conspiracy and certain actions of the alleged conspirators taken to achieve that
purpose).

Declaring only that "Defendant Ward and the Ward Entity Defendants have
conspired," Plaintiffs fail to allege that WCT, 192 or Ward agreed to anything.
Furthermore, no averment suggests a period of conspiracy, an object or purpose of any
agreement or any acts that any of them "agreed" to take.  *See Kalmanovitz*, 595 F. Supp.
at 1401.  These deficiencies warrant dismissal of Plaintiffs' conspiracy claim.

Plaintiffs' exclusively rely upon instances when 192 or WCT acquired leases in
the same geographical area in which SandRidge allegedly also sought to acquire leases.

*See*, *e.g.*, Am. Compl. at ¶¶ 43, 47, 50 ("[Ward Entity Defendants directly compete with the Company's acquisition of mineral interests in the Mississippian Oil Play;" "the Ward Entity Defendants acquired property that they then flipped to SandRidge;" "the Ward Entity Defendants acquired acreage adjacent to leaseholds already acquired by SandRidge"). At most, Plaintiffs merely assert parallel conduct or common motivation without offering any necessary allegation that the acquisitions were connected to some agreement or conspiracy to act. Such meager allegations are exactly the kind that should be dismissed under Rule 12(b)(6). *See Twombly*, 550 U.S. at 554 (". . . an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357 (10th Cir. 1989) ("even conscious parallel business behavior, standing alone, is insufficient to prove conspiracy"); *see cf. Hartsel v. Vanguard Group, Inc.*, 2011 WL 2421003 (Del Ch. June 15, 2011) (plaintiffs had not pled a "meeting of the minds" when they failed "to explain how any two of these Defendants, let alone all of them, came to a common understanding or intent to work toward some common objective to engage in unlawful conduct.").

**E.      Plaintiffs have not alleged facts entitling them to relief for constructive fraud. [Seventh Cause of Action]**

Constructive fraud under Oklahoma law[4] requires demonstration that (1) defendant owed plaintiff duty of full disclosure, whether as part of general fiduciary duty or as duty arising once defendant voluntarily chose to speak to plaintiff about particular subject matter, (2) defendant misstated fact or failed to disclose fact to plaintiff, (3) defendant's misstatement or omission was material, (4) plaintiff relied on defendant's material misstatement or omission, and (5) plaintiff suffered damages as a result of defendant's material misstatement or omission. *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (citing 15 Okl. St. § 59).

**(i)      No allegation that 192 or WCT owed a duty to SandRidge**

Constructive fraud requires a duty owed by defendant to the plaintiff.  Examples include a fiduciary duty or a "duty based upon a confidential relationship or a special relationship of trust." *Roberts Ranch Co. v. Exxon Corp.*, 43 F. Supp. 2d 1252, 1259

---

[4] Plaintiffs' claim would fail under Delaware law as well. *See Carsanaro v. Bloodhound Techs., Inc.*, --- A.3d ---, 2013 WL 1104901, *17 (Del. Ch. 2013) (dismissing claims for constructive fraud against defendants who did not owe fiduciary duties); *NACCO Indus., Inc. v. Applica Inc.*, 997 A.2d 1, 33 (Del. Ch. 2009) (dismissing equitable fraud claim when the defendants had no special relationship with the plaintiff); *In re Wayport*, 2013 WL 1811873, *27 (Del. Ch. 2013) ("The principal factor distinguishing constructive fraud from actual fraud is the existence of a special relationship between the plaintiffs and defendant, such as where the defendant is a fiduciary for the plaintiff").

This constructive fraud claim would fail under Delaware law for the additional reason that under Delaware law, breach of fiduciary duty and constructive fraud are considered the same claim and cannot be brought together. *See, e.g., Carsanaro*, 2013 WL 1104901 at *16-17 (dismissing claims for constructive fraud as duplicative of claims for breach of fiduciary duty); *Parfi Holding AB v. Mirror Image Internet, Inc.*, 794 A.2d 1211 (Del. Ch. 2001) (requiring that plaintiff re-plead its constructive fraud as a breach of fiduciary duty claim), *overruled on other grounds*, 817 A.2d 149 (Del. 2002).

(W.D. Okla. 1997); *Buford White Lumber Co. v. Octagon Properties, Ltd.*, 740 F.Supp. 1553, 1570 (W.D. Okla. 1989) (constructive fraud claim failed because plaintiffs did not allege any facts establishing a legal duty or from which such a legally cognizable duty could be inferred).  No such duty has been or can be alleged here.

    **(ii)**    <u>No allegation that 192 or WCT failed to disclose</u>

In setting out its claim for constructive fraud, Plaintiffs allege that "Defendant Ward and his family, through [192 and WCT], concealed or failed to fully disclose . . . ."  Am. Compl. at ¶ 247.  Plaintiffs' conclusory allegations state that Ward and unidentified family members concealed information, not 192 and WCT.  *See Schulte v. Apache Corp.*, 1995 OK 148, 949 P.2d 291, 296-97 (Okla. 1995) (rejecting constructive fraud claim when statement forming the basis of the claim was made by someone other than defendant).  These allegations do not even meet the most basic pleading standards, much less the higher standard required for constructive fraud, which must be pled with particularly under Federal Rule 9(b).  *See Tullius v. Metro. Prop. & Cas. Ins. Co.*, 2010 WL 4259805, *1 (W.D. Okla. Oct. 20, 2010) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud . . . and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and consequences thereof") (internal quotations and citations omitted).  Throughout the complaint, Plaintiffs make no attempt to identify how or what 192 and WCT concealed or should have disclosed, whether at all or with more detail.

**(iii)**    No allegation of reliance

A properly stated constructive fraud claim alleges that a plaintiff relied to its detriment on the actions or words (or omissions) of the defendant. *See Schulte*, 1995 OK 148, 949 P.2d 291. No allegation indicates that SandRidge did anything differently because of an act or omission by 192 or WCT. Failure to plead reliance justifies dismissal of Plaintiffs' constructive fraud claim.

**F.    The existence of other remedies merits dismissal of claim for unjust enrichment [Eighth Cause of Action]**

The elements of unjust enrichment are: (1) an enrichment of the adverse party, (2) an impoverishment to the claimant, (3) a connection between the enrichment and impoverishment, (4) the absence of justification, and (5) an absence of remedies at law. *Quarles v. Little River Energy Co.*, 2008 WL 185715, *1-2 (N.D. Okla. Jan. 18, 2008). While other elements are insufficiently stated, Plaintiffs' failure to plead an absence of other remedies is most obvious.

Where other remedies may address alleged misconduct, a court should not grant relief for unjust enrichment. *See Harvell*, 2006 OK 24, 18, 164 P.3d at 1035; *Tillman*, 408 F.3d 1300, 1309 (10th Cir. 2005). Plaintiffs cannot dispute that the law provides remedies other than unjust enrichment to address the disputed ostensible wrongdoing alleged. After all, their complaint asserts four other distinct claims against WCT and 192 for identical conduct — aiding and abetting, conspiracy, misappropriation and constructive fraud. Furthermore, though Plaintiffs have chosen not to bring a breach of

contract claim, their allegations specifically express that such a claim exists. *See* Am. Compl. at ¶¶ 100, 103.

These alternative remedies bar Plaintiffs' unjust enrichment claim, even though Plaintiffs have not successfully alleged the causes of action. *Robinson v. Southerland*, 123 P.3d 35, 45 (Okla. Civ. App. Div. 2005) (rejecting unjust enrichment claim because breach of contract claim was available, even though breach of contract claim also failed); *Hydro Turf, Inc. v. Int'l Fidelity Ins. Co.*, 91 P.3d 667, 673 (Okla. Civ. App. Div. 2004) (holding that because plaintiff had an adequate remedy available at law through its negligence claim, it was unnecessary for trial court to invoke its equitable jurisdiction on the unjust enrichment claim, even though plaintiff's negligence claim also failed)[5]

## IV. Conclusion

Plaintiffs' claims against WCT and 192 should be dismissed because their allegations lack the substance required to proceed.

WHEREFORE, WCT and 192 asks this Court to grant the relief requested above.

---

[5] *See also Nemec v. Shrader*, 991 A.2d 1120 (Del. 2010) (upholding dismissal of unjust enrichment claim because breach of contract claim was available, even though breach of contract claim also failed); *In re Chase Bank USA, N.A.*, 2009 WL 4063349, *11 (N.D. Cal. Nov. 20, 2009) (dismissing unjust enrichment claim under Delaware law when a common-law fraud claim existed to address the alleged misrepresentation, even though the Court's analysis revealed that the plaintiffs had not sufficiently alleged a claim for common law fraud either).

Respectfully submitted,

By: ___/s/ Andrea Treiber Cutter_____
Andrea Treiber Cutter, OBA #21444
**CUTTER LAW FIRM, PLC**
320 S. Boston Avenue, Suite 1030
Tulsa, Oklahoma 74103
Ph: (918) 582-0055 – Fax: (918) 584-1425
Email: acutter@cutterlawfirm.com

**GARDERE WYNNE SEWELL LLP**
Peter Scaff
(*pro hac* admission pending)
Texas Bar No. 24027837
Thomas A. Hagemann
(*pro hac* admission pending)
Texas Bar No. 08686800
1000 Louisiana, Suite 3400
Houston, Texas 77002-5011
Ph:  713-276-5000 – Fax:  713-276-5500

**ATTORNEY FOR WCT RESOURCES, L.L.C. AND 192 INVESTMENTS, L.L.C.**

15

### CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Amanda F. Lawrence – alawrence@scott-scott.com
Andrew D. Graham – agraham@jw.com
Brian B. Alexander – balexander@cov.com
C. Williams Phillips – cphillips@cov.com
Gregory T. Metcalfe – gmetcalfe@gablelaw.com
Irina Kobylevsky – ikobylevsky@kaplanfox.com
James E. Dunn – jim@usattorney.com
Jeffrey P. Campisi – jcampisi@kaplanfox.com
Joseph P. Guglielmo – jguglielmo@scott-scott.com
Louis N. Boyarsky – lboyarsky@glancylaw.com
Mark P. Gimbel – mgimbel@cov.com
Mark T. Josephs – mjosephs@jw.com
Michael Burrage – mburrage@whittenburragelaw.com
Randa Kay Reeves – rreeves@whittenburragelaw.com
Reggie N. Whitten – rwhitten@whittenburragelaw.com
Robert N. Kaplan – rkaplan@kaplanfox.com
Simone Gosnell Fulmer – sfulmer@whittenburragelaw.com
Thomas B. Snyder – thomas.snyder@crowedunlevy.com
Thomas William Gruber – tgruber@gablelaw.com
William A. Edmondson – dedmondson@gablelaw.com
William B. Federman – wbf@federmanlaw.com


                                      __/s/ Andrea Cutter_____
                                      Andrea Cutter