

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE SANDRIDGE ENERGY, INC. | ) | No. CIV-13-102-W |
| SHAREHOLDER DERIVATIVE LITIGATION | ) | |
| | | Relating to All Derivative Actions |

## ORDER

Lead Plaintiff Paul Elliot, on behalf of the Paul Elliot IRA R/O, and plaintiff Lisa Ezell (collectively "plaintiffs") brought this action on behalf of nominal defendant SandRidge Energy, Inc. ("SandRidge"), and in Section VIII of the First Amended Verified Consolidated Shareholder Derivative Complaint ("First Amended Complaint") filed on October 9, 2013, identified each cause of action and the defendant or defendants from whom relief was sought. The claims for relief against defendants Jim J. Brewer, Everett R. Dobson, William A. Gilliland, Daniel W. Jordan, Roy T. Oliver, Jr., and Jeffrey S. Serota, who are or were members of SandRidge's Board of Directors ("Board" or "Directors"), were found in the Second Cause of Action: "Breach of Fiduciary Duties of Care Pursuant to In re Caremark International, Inc. Derivative Litigation, 698 A.2d 959 (Del. Ch. 1996)," Doc. 142 at 88, and in the Third Cause of Action: "Waste of Corporate Assets." Id. at 90.

In the Amended Joint Status Report and Discovery Plan filed on November 24, 2014, the plaintiffs set forth the basis of their claims for relief and, in doing so, "refer[red] . . . to the [First Amended] Complaint . . . for a description of [the] [p]laintiffs' contentions (including those related to defendant [Tom L.] Ward's 2013 termination from SandRidge, see, e.g., [Doc.] 142 at [67,] ¶ 201) . . . ." Doc. 214 at 7, ¶ 4(a).

In that same document, the Directors stated in response that

> the claims for relief asserted against them in the [First] Amended Complaint, as summarized by the Court in the September 22, 2014 Orders, are limited

> to a Caremark claim based on allegations that the . . . Directors failed to "exercise their oversight responsibilities" in good faith by allegedly disregarding certain "red flags" concerning Ward's alleged usurpation of corporate opportunities and confidential information (Second Claim for Relief) and a claim for corporate waste (Third Claim for Relief), based on allegations that the . . . Directors paid excessive compensation and perquisites to senior executives including Ward in the period prior to Ward's termination from . . . [SandRidge] and inappropriately approved transactions with the Ward Entity Defendants. See Doc. 164 at 8-9, 21-22. The claims do not include any claim relating to the subsequent June 2013 decision to terminate . . . Ward without cause or the resulting payment of severance compensation.

Doc. 214 at 7.

The matter now comes before the Court on the Motion for Judgment on the Pleadings filed by the Directors pursuant to Rule 12(c), F.R.Civ.P. The plaintiffs have responded, and the Directors have filed a reply. The issue presented in the instant motion, as stated by the Directors, is whether the plaintiffs, in addition to the two causes of action against the Directors, have "now invented a third—a new cause of action asserting that the Board breached its fiduciary duties by terminating . . . Ward 'without cause,' thereby allowing him to collect contractual severance." Doc. 242 at 5.

A motion filed under Rule 12(c), supra, "provide[s] a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief . . . , and any facts of which the . . . [C]ourt will take judicial notice." 5A C. Wright & A. Miller, Federal Practice and Procedure § 1367, at 206-07 (3d ed. 2004) (footnotes omitted). Rule 12(c), supra, requires the Court to accept as true "'[a]ll well-pleaded facts [in the challenged pleading], as distinguished from conclusory

allegations, . . . and view[ ] [those facts] in the light most favorable to the nonmoving part[ies].'" Marshal v. Wyoming Department of Corrections, 592 Fed. Appx. 713, 715 (10th Cir. 2014)(quoting Teigen v. Renfrow, 511 F.3d 1072, 1078 (10th Cir.2007))(cited pursuant to Tenth Cir. R. 32.1). The Court must decide whether the document "'include[s] 'enough facts to state a claim to relief that is plausible on its face.'"" Id. (quotation omitted).

"A motion for judgment on the pleadings 'should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and th[at] . . . [it] is entitled to judgment as a matter of law.'" Adams v. Jones, 577 Fed. Appx. 778, 782 (10th Cir. 2014)(quotation and further citation omitted)(cited pursuant to Tenth Cir. R. 32.1).

Rule 12(c), supra, therefore, should be invoked only with respect to allegations that have been "stated," but, as stated, do not "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The Rule is not the proper vehicle to challenge a claim that is allegedly "not stated" at all. Consequently, in the case at bar, Rule 12(c), supra, cannot be employed to seek judgment on a claim that the Directors have argued is not found in the First Amended Complaint.[1]

Indeed, as the instant motion reflects, the Directors have not sought judgment as a matter of law on claims in the Amended Complaint; they have instead prayed for a ruling that the plaintiffs "have not asserted a claim based on . . . Ward's termination . . . and [that

---

[1] See Doc. 242 at 5 ("'termination claim' is not included as a claim for relief in the [First] Amended Complaint"); id. at 7 ("[p]laintiffs are attempting to insert [claim] . . . into the litigation by making disingenuous arguments that the claim can somehow be found in the existing [First Amended] Complaint); Doc. 251 at 2 ("[t]ermination [c]laim was not pleaded in [p]laintiffs' [First Amended] Complaint").

the plaintiffs are therefore] . . . not entitled to recover on such a claim as a matter of law." Doc. 242 at 21. Accordingly, the Court finds relief under Rule 12(c), supra, is not warranted.

In so holding, the Court nevertheless finds that the issues raised in the instant motion bear on, and should be considered in conjunction with, the issues raised by the plaintiffs in their Motion to Compel [Doc. 244] filed under seal on March 31, 2015. That motion was prompted in part by the parties' disagreement over the production of certain documents that relate to the Directors' decision to terminate Ward's employment "without cause" and their arguments regarding the relevancy of those documents to the allegations giving rise to a claim, if any, asserted in the Amended Complaint. See Doc. 244 at 14.

Accordingly, the Court in its discretion

(1) DENIES the Directors' Motion for Judgment on the Pleadings [Doc. 242] filed on March 30, 2015; but

(2) ADVISES the parties that the arguments and authorities set forth in that motion, the plaintiffs' response and the Directors' reply will be considered in determining whether the discovery requested by the plaintiffs is relevant because it pertains to a claim asserted in the Amended Complaint; and

(3) further ADVISES the parties that the plaintiffs' Motion to Compel [Doc. 244] is SET for hearing on May 19, 2015, at 10:00 a.m.

ENTERED this 28th day of April, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE