## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE SANDRIDGE ENERGY, INC. SHAREHOLDER DERIVATIVE LITIGATION | No. CIV-13-102-W<br>Relating to All Derivative Actions |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR AN ORDER TO REQUIRE OBJECTOR DALE HEFNER AND ROBBINS ARROYO LLP TO POST APPEAL BONDS**

Objector Dale Hefner ("Hefner") and Robbins Arroyo LLP's ("Robbins Arroyo") opposition to Plaintiffs' motion ignores key facts, mischaracterizes the record, and fails to make credible arguments that Hefner and Robbins Arroyo are not required to post appeal bonds.  Plaintiffs have demonstrated that all relevant factors weigh in favor of requiring appeal bonds.  *Hamstein Cumberland Music Group. v. Williams*, 556 F. App'x 698, 702 (10th Cir. 2014) (listing factors).  Hefner and Robbins Arroyo concede that they have the ability to pay, and that they reside outside the Tenth Circuit, raising the risk of non-payment; this Court has already found that their objections to the Settlement lack factual foundation and merit, and are therefore frivolous; and finally, Hefner and Robbins Arroyo's inconsistent and contradictory positions – supporting the Settlement when seeking attorneys' fees and reimbursement of expenses for work purportedly done in a separate action, and concurrently attacking the Settlement as a product of collusion and materially flawed – are *per se* bad faith and vexatious.

Further, as required by *Tennille v. Western Union Co.*, 774 F.3d 1249 (2014), Plaintiffs have identified underlying statutes and rules – 28 U.S.C. § 1927 and 18 O.S. § 1126 and the Federal Rules of Appellate Procedure – that provide the basis for Hefner's and Robbins Arroyo's appeal bonds to include costs for projected attorneys' fees and interest costs. Hefner's and Robbins Arroyo's arguments that these statutes and rules do not apply are meritless.

### A. The Fact Record Supports Requiring Appeal Bonds

Plaintiffs' Opening Brief identified the record facts that support requiring Hefner and Robbins Arroyo to post appeal bonds. ECF No. 364 at 5-8.[1] Hefner and Robbins Arroyo do not counter those facts or Plaintiffs' arguments.

### 1. Hefner and Robbins Arroyo Concede their Ability to Pay

Hefner and Robbins Arroyo do not dispute that they have the ability to pay. ECF No. 367 at 21. Consequently, nothing in the record indicates that an appeal bond will amount to an undue burden on either Hefner or Robbins Arroyo.

### 2. There is Risk of Non-Payment

Hefner and Robbins Arroyo argue that there is no risk of non-payment. ECF No. 367 at 21. This is wrong. It is undisputed that Hefner resides outside Oklahoma and Robbins Arroyo is based in California. Further, Hefner failed to appear at the Court's final approval hearing on December 18, 2015 where his purportedly "sincerely held concerns"

---

[1] Citations to pages in ECF-documents refer to the pages generated by the Court's ECF/CM system.

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REQUIRE OBJECTOR HEFNER/ROBBINS ARROYO TO POST APPEAL BONDS - PAGE 2**

were communicated to the Court by someone else.   Under the authorities cited by Plaintiffs in their Opening Brief (ECF No. 364 at 6-7), these facts weighs in favor of requiring appeal bonds.

Hefner and Robbins Arroyo's argument that the authorities relied upon by Plaintiffs are outside the Tenth Circuit is weak.  ECF No. 367 at 21.  They do not cite any authority stating that this Court cannot consider the residency of Hefner and Robbins Arroyo in determining whether there is risk of non-payment.  Collecting an award for costs awarded against out-of-state parties is inherently more difficult than collecting from a party resident in Oklahoma.  For example, Texas, like other states, has adopted the Uniform Enforcement of Foreign Judgments Act (Chapter 35 of the Texas Civil Practice and Remedies Code).  In Texas, Plaintiffs would have to file the judgment with a court, and would possibly have to defend against collateral attacks on the judgment.   Accordingly, the Court should consider the fact that both Hefner and Robbins Arroyo reside outside the Tenth Circuit and find that this factor weighs in favor of requiring them to post appeal bonds.

### 3.  Hefner and Robbins Arroyo's Appeal is Frivolous

On January 26, 2016, Hefner and Robbins Arroyo filed a Docketing Statement with the Tenth Circuit in which they identified for the first time the issues they will raise on appeal – issues relating to "subject matter jurisdiction, discovery, attorneys' fees, and the adequacy, fairness and reasonableness of the Settlement." ECF No. 367 at 16-17 (footnote

omitted).[2]  After extensive briefing on a fulsome record, and a fairness hearing with this Court, this Court found that each of the issues to be raised on appeal has no merit and lacks factual foundation.  *See* ECF No. 350 at 2 & n.3 (rejecting arguments that this Court does not have subject matter jurisdiction); ECF No. 350 at 4-7 (rejecting arguments that this Court erred in finding the settlement was fair, reasonable, and adequate); ECF No. 346 (rejecting arguments that fact record was insufficient and additional discovery was warranted); ECF No. 351 (rejecting arguments that Plaintiffs' counsel fee and expense award was unreasonable, and rejecting Robbins Arroyo's motion for attorneys' fees and reimbursement of expenses).

Given the lack of factual foundation or merit of Hefner's and Robbins Arroyo's appeal, it is hard to envision a scenario where the 10th Circuit would reverse this Court's orders or finds that anything Hefner and Robbins Arroyo has done conferred a "substantial benefit" to SandRidge.  The Court should thus find that this factor weighs in favor of requiring Hefner and Robbins Arroyo to post appeal bonds.

### 4.  Robbins Arroyo's Bad Faith and Vexatious Conduct

The Robbins Arroyo firm (f/k/a Robbins Umeda LLP and Robbins Umeda & Fink LLP) has a long history of filing unmeritorious objections in shareholder derivative litigation. ECF No. 340 at 9-13.  While Robbins Arroyo asserts that there is "no indication

---

[2] The appeal is styled *In re SandRidge Energy, Inc. Derivative Litigation,* Case No. 16-6014 (10th Circuit).

that this is a half-hearted effort to hold up a settlement for quick pecuniary gain" (ECF No. 367 at 22), the facts are in stark contrast. *See* ECF No. 340 at 9-13.

Perhaps the best evidence of Robbins Arroyo's unreasonable conduct is the firm's conduct before this Court. On November 27, 2015, Robbins Arroyo moved for an award of attorneys' fees in the amount of at least $424,035 and reimbursement of expenses in the amount of $18,514.89 from the settlement, claiming that Robbins Arroyo conferred a "substantial benefit" on SandRidge, even though it is undisputed that Robbins Arroyo did not perform any work in this Action and has relied on the Federal Plaintiffs to obtain key discovery and prosecute this action. ECF No. 341 at 3-5. On December 4, 2015, just a week later, Robbins Arroyo and Hefner shifted from supporting the settlement and asserting they conferred a substantial benefit, to asserting that the settlement was worthless, the product of collusion, and is "materially flawed." ECF No. 334. Moreover, on December 4, 2015, Robbins Arroyo sought massive settlement-related discovery, notwithstanding that Hefner and Robbins Arroyo, at that time, already had access to millions of pages of documents (which were obtained from Defendants through Plaintiffs' efforts), and Hefner and Robbins Arroyo had failed for years to press Defendants for discovery in Hefner's State Derivative Action. ECF No. 336.

The Court should see Robbins Arroyo's sharp tactics for what they are – a baseless effort to pressure the parties to pay Robbins Arroyo an unwarranted bounty using the threat of a prolonged appeal based on meritless objections. Such inconsistent and irreconcilable positions are *per se* vexatious and bad faith, and these facts weigh in favor of requiring

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REQUIRE OBJECTOR HEFNER/ROBBINS ARROYO TO POST APPEAL BONDS - PAGE 5**

Hefner and Robbins Arroyo to post appeal bonds. *See United States v. Erwin*, No. CR-08-33-FHS, 2010 WL 1816349, at *2 (E.D. Okla. May 3, 2010) (stating common definition of vexatious means "without reasonable or probable cause or excuse" and bad faith "contemplates a state of mind affirmatively operating with furtive design or ill will" (quoting Black's Law Dictionary 139 (6th ed.1990)).

For the reasons set forth above and in Plaintiffs' Opening Brief, the record supports requiring Hefner and Robbins Arroyo to post appeal bonds.

**B. Costs for Attorneys' Fees and Interest Are Warranted by Relevant Underlying Statutes and Rules**

"Costs" for purposes of a Rule 7 bond include costs authorized by an underlying rule or statute. *See Tennille,* 774 F.3d at 1256. Plaintiffs rely on two underlying statutes – 28 U.S.C. § 1927 and 18 O.S. § 1126 – and the Federal Rules of Appellate Procedure.

**1.     "Excess Costs" Include Attorneys' Fees Under Section 1927**

Hefner and Robbins Arroyo assert that 28 U.S.C. § 1927 does not provide a basis to include attorneys' fees as costs in a Rule 7 bond because "excess costs" and "expenses" "are listed as separate items in addition to 'attorneys fees.'" ECF No. 367 at 15. Hefner and Robbins Arroyo are wrong.

Congress amended Section 1927 in 1980 to clarify the categories of costs encompassed by the phrase "excess costs." The U.S. House of Representatives Conference Report makes clear that Congress amended Section 1927 (titled "counsel's liability for excessive costs") to make clear that "excess costs" include attorneys' fees:

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REQUIRE OBJECTOR HEFNER/ROBBINS ARROYO TO POST APPEAL BONDS - PAGE 6**

SECTION 1927 CURRENTLY REFERS TO 'EXCESS COSTS', A PHRASE CONSTRUED TO COVER ONLY THE NARROW CATEGORY OF TAXABLE COSTS, SUCH AS FILING FEES. THE AMENDMENT AGREED TO BY THE MANAGERS EXPANDS THE CATEGORY OF EXPENSES THE JUDGE MIGHT REQUIRE AN ATTORNEY TO SATISFY PERSONALLY TO INCLUDE 'EXCESS COSTS, EXPENSES, AND ATTORNEYS' FEES REASONABLY INCURRED BECAUSE OF SUCH (DILATORY) CONDUCT.'. THE MANAGERS AGREED THAT IF AN ATTORNEY DOES VIOLATE THE EXISTING STANDARD COVERING DILATORY CONDUCT, AND BY SUCH CONDUCT CAUSES THE OTHER PARTIES TO INCUR EXPENSES AND FEES THAT OTHERWISE WOULD NOT HAVE INCURRED, THE ATTORNEY SHOULD BE REQUIRED TO SATISFY PERSONALLY **THIS FULL RANGE OF EXCESS COSTS** ATTRIBUTABLE TO SUCH CONDUCT.

H.R. CONF. REP. 96-1234, 8, 1980 U.S.C.C.A.N. 2781, 2782 (all caps in original and emphasis added).

Accordingly, the statute, read in conjunction with the legislative history, make clear that "excessive costs" under Section 1927 include attorneys' fees.

Moreover, as discussed above and in Plaintiffs' Opening Brief, Robbins Arroyo's history of serial objections and conduct in this case fall within the range of unreasonable and vexatious conduct covered under Section 1927.

### 2.     The Oklahoma Fee-Shifting Statute Applies in Diversity Cases

As an alternative to Section 1927, 18 O.S. § 1126 is a basis to include attorneys' fees as costs in a Rule 7 bond.  Hefner and Robbins Arroyo's arguments that Section 1126 does not apply for that purpose are unavailing.

Hefner and Robbins Arroyo assert that Section 1126 does not apply in federal court, and further assert that Plaintiffs have relied on federal law, which does not provide fee shifting in shareholder derivative actions.  ECF No. 367 at 15.  While Plaintiffs have not

found instances where a court applied Section 1126 in a federal derivative action, the general rule is that a state fee-shifting statute is enforceable in diversity cases in federal court. *Scottsdale Ins. Co. v. Tolliver*, 262 F.R.D. 606, 611 (N.D. Okla. 2009) *aff'd on other grounds*, 636 F.3d 1273 (10th Cir. 2011).

Hefner's and Robbins Arroyo's assertion that an "objector" is not a "party" for purposes of Section 1126 is wrong.  In fact, Hefner is identified as an "interested party" on this Court's docket.

### 3.    Hefner Should Post a Rule 7 Bond for Interest

Hefner argues that a Rule 7 bond for interest costs is not warranted because, in his view, the appeal does not affect the asserted benefits of the Settlement and would only affect the Settlement and any benefits if the appeal is successful. ECF No. 367 at 9.  Hefner ignores, however, that his appeal attacks the validity of the Settlement, and, if successful, would require SandRidge to refund the settlement amount in the escrow account to the insurance carriers.  *See* ECF No. 301-1, Stipulation of Settlement, Exhibit A, Escrow Agreement § 1.3(d); Schedule 1.3(d).   The possibility of reversal on appeal may cause SandRidge to withhold disbursement or hold some or all of the funds in reserve until the appeal is resolved.  Hefner should be required to post a bond to account for any delay in the use of the settlement proceeds.

Hefner's reliance on *Tennille* to argue that an interest bond is unwarranted is misplaced.  In *Tennille*, plaintiffs sought an appeal bond for costs to cover notifying class members of objectors' appeal and for administrative costs.  774 F.3d at 1254.  The key

distinction is that the *Tennille* plaintiffs did not argue that the objectors' appeal was frivolous.  In contrast, here, Plaintiffs seek a bond for interest for potential damages resulting from the delay or disruption of the settlement based on Hefner's frivolous appeal.

The authorities relied upon by Plaintiffs cite Rule 38 of the Federal Rules of Appellate Procedure as the relevant underlying rule, which provides for damages and costs for a frivolous appeal.  *See* Fed. R. App. Pro. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MLD 1361, 2003 WL 22417252, at *1 (D. Me. Oct. 7, 2003) (relying on Rule 38 to require a Rule 7 bond for damages); *In re Broadcom Corp. Sec. Litig.*, Case No. SACV 01-275, Slip Op., at *9 (C.D. Cal. Dec. 5, 2005) (stating that "potential Rule 38 award is properly considered in determining the amount of an appeal bond.").  Accordingly, the Court may considerer delay and potential damage attendant to the appeal and include interest in a Rule 7 bond.

### 4.    Bond for Rule 39 Costs

Hefner and Robbins Arroyo do not dispute that the amount of $200 for cost of copies of briefs is reasonable, but argue that the Court should not require a bond for such a "nominal" amount.  ECF No. 367 at 22 n.10.  Hefner and Robbins Arroyo cite no authority for their argument that a bond for costs expressly authorized by Rule 39, even if small, should not be required.  Robbins Arroyo and Hefner's unwillingness to post even a modest

bond speaks volumes about their motivations.  If Hefner and Robbins truly believe that their appeal has merit, they should have no objection to posting a "nominal bond."  Indeed, in doing so, the Court will ensure that Hefner and Robbins Arroyo do not view their appeal as a "no lose" money-making opportunity.

WHEREFORE, based on the arguments set forth in Plaintiffs' Opening Brief and those set forth above, Plaintiffs respectfully request that the Court enter an Order requiring Hefner and Robbins Arroyo to post bonds with the Court for costs within 10 days.

Plaintiffs ask the Court to require Hefner to post a bond for $227,700 for the costs attendant to the delay caused by the appeal ($177,500), the costs for printing Plaintiffs' briefs ($200), and for projected attorneys' fees ($50,000), and that Robbins Arroyo post a bond for $50,000 for projected attorneys' fees.

Submitted this 1st day of February, 2016.

Respectfully submitted,

/s/    Michael Burrage
Michael Burrage, OBA #1350
Reggie N. Whitten, OBA #9576
Randa K. Reeves, OBA # 30695
**WHITTEN BURRAGE**
1215 Classen Drive
Oklahoma City, Oklahoma 73103
Telephone: (405) 516-7800
Facsimile:  (405) 516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
rreeves@whittenburragelaw.com

-and-

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REQUIRE OBJECTOR HEFNER/ROBBINS ARROYO TO POST APPEAL BONDS - PAGE 10**

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan (admitted *pro hac vice*)
Jeffrey P. Campisi (admitted *pro hac vice*)
Matthew P. McCahill (admitted *pro hac vice*)
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile:  (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com

*Co-Lead Counsel for the Plaintiffs*

*Other Plaintiffs Counsel:*

**JACKSON WALKER L.L.P.**
Mark T. Josephs
Texas State Bar No. 11031400
(admitted *pro hac vice*)
Andrew D. Graham
Texas State Bar No. 24041002
(admitted *pro hac vice*)
Edwin Buffmire
Texas State Bar No. 24078283
(admitted *pro hac vice*)
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
mjosephs@jw.com
agraham@jw.com

-and-

**FEDERMAN & SHERWOOD**
William B. Federman
10205 North Pennsylvania
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile:  (405) 239-2112
wbf@federmanlaw.com

---

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO REQUIRE OBJECTOR HEFNER/ROBBINS ARROYO TO POST APPEAL BONDS - PAGE 11**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically on February 1, 2016, via the Court's CM/ECF filing system, which sent notice of such filing to all ECF registrants currently on file with the Court who have entered an appearance in this case.

*/s/    Michael Burrage*
Michael Burrage
